[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants have moved (#102 and #103) to dismiss plaintiff's declaratory judgment and action to quiet title for "insufficiency of process and improper service of process." Practice Book § 143(4)(5). The plaintiff, David D'Addario, as executor of the estate of F. Francis D'Addario, commenced this action because of a dispute with the defendants regarding access over a fifty foot wide easement to premises owned by the CT Page 7880 plaintiff and located on Hollow Tree Ridge Road in Darien. The defendants all claim an interest in the land over which plaintiff's alleged easement is located.
The sheriff's return of service indicates that service on three of the defendants. Barbara K. Brown, Karen Park, of California, and David Duhaime of Brooklyn, New York, was made by serving the Secretary of the State in Hartford, and then sending via certified mail a copy of the process to each of these three defendants at their respective home addresses. Process was served on another defendant, Fleet Bank, N.A., by in-hand service on an assistant secretary in the Hartford office. However, as to the remaining nine defendants, the sheriff indicated that despite a diligent search, he was unable to find said defendants. Defendants contend, without citing any authority, that because service was not made on these nine defendants, the action should be dismissed.
The three nonresident defendants were served in accordance with General Statutes § 52-59b(c), by serving the Secretary of the State and then sending copies of the process by certified mail to their respective home addresses. Service on Fleet Bank was effected pursuant to General Statutes § 52-57(c), by serving a designated officer, and the defendants so stipulated at the time this motion was heard at the short calendar. As to the other defendants, on May 24, 1994, the plaintiff obtained an order of notice from the clerk's office directing that copies of process be served by sending copies thereof by certified mail to a law firm in Plainville, Connecticut that represented the individual defendants when they obtained their respective interests in the premises over which plaintiff's alleged easement crosses. Notice to defendant David Duhaime was ordered to be sent in a similar fashion to an address in Brooklyn, New York. On June 13, 1994, a deputy sheriff filed a return of service indicating compliance with said order of notice on that same date.
In the absence of a determination on motion of the defendants that the order of notice failed to afford adequate notice or that some other procedural irregularity has occurred, it appears that service of process has been completed in accordance with law. Under these circumstances, the granting of a motion to dismiss for lack of personal jurisdiction is not warranted, and hence the motion is denied. CT Page 7881
So Ordered.
Dated at Stamford, Connecticut, this 2nd day of August, 1994.
William B. Lewis, Judge